113 F.3d 1245
 97 CJ C.A.R. 894
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael A. BANKES, Plaintiff--Appellant,
v.
Gary STOTTS, Secretary of Corrections; Robert D. Hannigan,
Warden, Hutchinson Correctional Facility; Ronald Hicks,
Unit Team Manager; Troy Robinson, Unit Team member; Wayne
Braner, Warden; Michael (NMN) Woods, Provost of DCCCA Inc.;
DCCCA, Inc. of Hutchinson, Kansas, Defendants--Appellees,
 State of Kansas, Amicus Curiae. No. 96-3193
 United States Court of Appeals, Tenth Circuit.
 June 5, 1997.
 
 Before TACHA, BALDOCK, and LUCERO, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 This appeal is from an order of the district court denying pro se plaintiff's motions for default judgment, motion for discovery, and motion for injunctive relief. On appeal, plaintiff alleges that the district court erred in several aspects of its rulings and alleges generally that the district court failed to follow the required procedures nor apply the proper standards in denying plaintiff's motions. This court has jurisdiction to review only that part of the district court's May 29, 1996 order denying plaintiff's motion for injunctive relief. See 28 U.S.C. § 1292(a). When the notice of appeal in this appeal was filed, the plaintiff's civil rights action remained unadjudicated before the district court as to all these defendants. We therefore review on appeal only the plaintiff's motion for injunctive relief and dismiss the appeal as to all other claims in the pro se petition.
 
 
 4
 In his motion for injunctive relief, plaintiff alleges that the district court erred in denying injunctive relief because the district court did not require the Kansas Department of Corrections to provide plaintiff with any hearing or opportunity to defend against actions related to the confiscation of his personal property. Plaintiff argues that the regulations involved deny him constitutional rights and caused irreparable harm to the plaintiff by denying the use of such personal property. The injunctive relief sought is apparently to enjoin enforcement of regulations regarding the confiscation of personal property of incarcerated persons by the Kansas Department of Corrections. The pro se petition on appeal apparently does not include issues related to the plaintiff's pursuit in the district court of injunctive relief relating to the prison facility's sexual offender treatment program. Assuming that this pro se plaintiff's motion for injunctive relief on appeal includes all injunctive relief sought in the district court and on appeal, we agree with the district court that plaintiff has failed to show irreparable harm, has made no colorable showing of the denial of any colorable federal constitutional right and has further failed to show any right to injunctive relief. We find that this appeal is frivolous or fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(I) or (ii) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g). A prisoner may not proceed under 28 U.S.C. § 1915 if he has, on three or more prior occasions, filed frivolous actions or had matters dismissed for failure to state a claim for relief. 28 U.S.C. § 1915(g). This appeal is DISMISSED. We therefore deny plaintiff's motion for preliminary injunctive relief for substantially the reasons given by the district court and dismiss the appeal as to all other claims.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3